ROEMER v. JENKINSON et al.

(Circuit Court, D. New Jersey. March 28, 1893.)

PATENTS FOR INVENTIONS—INVENTION—SATCHEL FRAMES.
Claims 6 and 7 of letters patent No. 378,263, issued February 21, 1888, to William Roemer, for an improvement in bag or satchel frames, are void, as covering the results of mere mechanical skill.

In Equity. Suit by William Roemer against George S. Jenkinson and John D. Peddie, for infringement of certain patents. Bill dismissed.

George J. Harding and George Harding, for complainant.
Louis C. Raegener, for defendants.

GREEN, District Judge. The bill of complaint in this cause was filed to restrain an alleged infringement by the defendants of letters patent No. 378,263, granted to the complainant on February 21, 1888, for a new and useful improvement in bag or satchel frames, and also an alleged infringement by the same defendants of letters patent No. 378,620, granted to the complainant on February 28, 1888, for certain new and useful improvements in frames for traveling bags. So far as the latter patent is concerned it may be dismissed from further consideration. It contained six claims, set forth specifically. Of those, the fifth only was supposed to be trespassed upon by the defendants, and upon the argument this contention was formally abandoned. These letters patent, therefore, are out of the present case. The invention covered

by the other letters patent, No. 378,263, is said to relate to that class of bag frames in which the "jaws of the bag are pivoted upon the opposite ends of certain bars or rods disposed at the ends of the bags, at the tops thereof, so that there is formed, when the jaws are open, a very wide passage to the pocket or chamber in the bag, equal to, or approximating, in length and breadth, the length and breadth of the bag body." The object of the invention was declared to be "to reduce the cost of manufacture, to facilitate the construction, and to secure certain effects of finish not common to other bags now on the market." There are seven claims in the letters patent. Of these, originally, the complainant insisted that three were involved in this suit,—the second, sixth, and seventh; but at the argument he abandoned the second, resting his contention upon the sixth and seventh. These claims are as follows:

"(6) In a bag frame, substantially as described, end sections, b, b, jaws, c, c, with end sections, f, f, rigidly secured to and connected by longitudinal parts or sections, d, and pivotally secured upon the extremities of the said sections, b, b, and adapted to lie, when in their closed positions, parallel with said end sections, b, b,—the said longitudinal section, d, having a seat, d', raised above the said sections, f, f, when in said closed positions,—substantially as and for the purposes set forth. (7) In a bag frame, the combination of end bars or sections, b, b, longitudinal sections, d, d, and end sections, f, f, connecting said longitudinal sections with said end sections, b, b, being pivotally secured upon said end sections b, b, as at i, and the longitudinal sections being raised above the sections, f, f, to form a raised seat at the center of the closed bag, substantially as set forth."

The defendants, by their answer, deny infringement, and insist that the alleged combination of the invention discloses no patentable novelty.

These claims, 6 and 7, which are relied upon by the complainant, and which are quoted at length above, are substantially for the same combination; the only difference being that claim 7 requires the longitudinal sections, d, d, to be raised above the end sections, f, f, so as to form "a raised seat at the center of the closed bag." Stating the claims in other words, they cover—First, two end bars or sections, called "distending bars;" secondly, two pivoted jaws, consisting each of two end sections, pivotally secured to the ends of the distending bars, and adapted to lie, when the jaws are in their closed position, parallel with the distending bars; third, a longitudinal bar or section, rigidly secured to, and connecting, said end sections, and having a raised seat above them. Add to these the additional condition stated in the seventh claim, that the "raised seat" must be at the center of the closed bag, and the catalogue of elements embraced by these claims is complete. Now, the evidence in the cause, as presented on the part of the defendants, clearly shows, I think, that every one of these elements is old, and the combination of them has resulted in no new means. The defendants, upon this point of lack of patentability, rely upon various foreign letters patent, and upon various bags and satchels made or in use in this or other countries, all of which antedate the alleged invention by years. I do not think it necessary to incumber this opinion with a long or searching analysis of the pat-

ents referred to by the defendants, nor of the testimony of the witnesses, expert and nonexpert, who have been examined on either side of this controversy. It is sufficient to say that in my judgment the German Laueza bag, the French Keller bag, and the English Victoria bag, with its variations, as shown in the King and Allen bags, are clear anticipations of all that the complainant contends is covered by the claims now in issue. There may be found, by an examination approaching the microscopic, that the complainant has made some alterations or modifications. It would be almost unprecedented if he had not. But the changes made plainly involve the exercise of ordinary mechanical skill only, and hence cannot lift the action of the complainant to the dignity of invention. A very careful consideration of the evidence given by the single witness produced by the complainant to support his contention has failed to shake or weaken this conclusion; and upon this ground, then,—the lack of patentable novelty,—I must hold that complainant's letters patent, so far, at least, as these claims are concerned, are void, and that his bill of complaint must be dismissed.